IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DORIAN TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:15CV225 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dorian D. Tyler, brought this action to obtain review of a final decision of the Commissioner of Social Security denying his claim for social security disability benefits. The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth herein, the Court recommends that Defendant's motion for Judgment on the Pleadings (Docket Entry 14) be denied, Plaintiff's motion for Judgment on the Pleadings (Docket Entry 11) be granted, and that this matter be remanded to the Commissioner.

### I. PROCEDURAL HISTORY

Plaintiff filed for Child's Supplemental Security Income Benefits on August 22, 1999. (Tr. 90-91.)[1] It was determined that Plaintiff was disabled on November 2, 1999. (Tr. 55.) On May 1, 2008, the Social Security Administration determined Plaintiff was no longer

---

[1] Unless otherwise noted, transcript citations refer to the administrative record in this case which was filed with Defendant's Answer. (Docket Entry 7.)

disabled, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (Tr. 64-65, 88-89). After the hearing, the ALJ issued an unfavorable decision on November 20, 2009. (Tr. 298-306.) Plaintiff filed a request for review and on December 22, 2010, the Appeals Council granted his request and remanded his case for a new hearing. (Tr. 309-10.)

On November 28, 2011, Plaintiff appeared again before the ALJ and he issued another unfavorable decision on February 10, 2012. (Tr. 314-25.) On April 23, 2013, the Appeals Council granted Plaintiff's request for review and remanded his case for a new hearing. (Tr. 326-29). On January 30, 2014, a second ALJ issued another unfavorable decision. (Tr. 28-40.) Subsequently, the Appeals Council denied Plaintiff's request for review. (Tr. 7-10.) The Appeals Council's denial rendered the ALJ's decision the final administrative action of the Commissioner in Plaintiff's case.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that he

is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

### III. THE COMMISSIONER'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. § 404.1520. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ determined at step one that Plaintiff attained age 18 and was no longer disabled as of May 2, 2008, based on a redetermination of disability under the rules for adults who file new applications. (Tr. 30.) The ALJ next found at step two that Plaintiff's single severe impairment was borderline intelligence. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (Tr. 34.) The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but his nonexertional limitations included unskilled work with no reading or writing required. (Tr. 36.) At the fourth step, the ALJ determined that Plaintiff had no past relevant work. (Tr. 38.) At step five, the ALJ determined that there were jobs which Plaintiff could perform consistent with his RFC, age, education, and work experience. (*Id.*)

### IV. DISCUSSION

In pertinent part, Plaintiff contends that the ALJ erred by failing to incorporate in his RFC the moderate limitations in concentration, persistence, or pace that were found in step three of the sequential evaluation process. (Docket Entry 12 at 8-9.) To the contrary,

3

Defendant contends that the ALJ accounted for Plaintiff's limitations in concentration, persistence, or pace by excluding Plaintiff from carrying out complex tasks. (Docket Entry 15 at 19.) For the following reasons, the Court agrees with Plaintiff that the ALJ failed to account for his moderate limitations in concentration, persistence, or pace in his RFC.[2]

At step three of the sequential evaluation process, the ALJ concluded that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. (Tr. 35) In an apparent effort to account for these moderate limitations, the ALJ's RFC finding limited Plaintiff to unskilled work, with no reading or writing. (Tr. at 36.) The ALJ also put these limitations in his hypothetical to the Vocational Expert ("VE") who concluded that an individual with these limitations could perform work as a picking table worker. (Tr. 39-40.) The ALJ adopted these findings at step five. (Tr. at 38.) Nonetheless, these limitations did not account for Plaintiff's moderate difficulties in concentration, persistence, or pace. As explained below, remand is warranted in this matter.

"At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00; *Hodge v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-3619, 2015 WL 5813999, at *1 (D. Md. Sept. 29, 2015). The listing "consists of: (1) a brief statement

---

[2] Plaintiff also contends that "[t]he ALJ's Listing analysis is not based on substantial evidence because Mr. Tyler meets Listing 12.05C. (Docket Entry 12 at 2.) The Court declines consideration of the additional issues raise at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763-764, n.3 (W.D. Va. 2002) (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

4

describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00(A). Both the paragraph A criteria and the paragraph B criteria must be satisfied for the ALJ to determine that the claimant meets the listed impairment. *Id.*

"Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." *Id.* § 12.00(C); *Martin v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-335, 2015 WL 7295593, at *2 (D. Md. Nov. 18, 2015). The ALJ uses a "special technique" to determine the claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ rates a claimant's degree of limitation in the first three areas as either: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4). "In order to satisfy paragraph B, a claimant must exhibit either marked limitations in two of the first three areas, or marked limitation in one of the first three areas with repeated episodes of decompensation." *Hodge*, 2015 WL 5813999, at *2 (citations and quotations omitted); *Martin*, 2015 WL 7295593, at *2. "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C).

5

Pertinent to the issues in the present case, "[t]he functional area of 'concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings.'" 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00(C)(3); *Hodge*, 2015 WL 5813999, at *2. "[L]imitations in concentration, persistence, and pace found at step three must be accounted for in the RFC assessment." *Taylor v. Colvin*, No. 1:14CV629, 2015 WL 4726906, at *6 (M.D.N.C. Aug. 10, 2015).

The Fourth Circuit recently issued a published decision, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), that specifically resolves the issue Plaintiff raises. In *Mascio*, the Fourth Circuit ordered a remand because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[3] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Id.* at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (citation omitted). The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a

---

[3] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment. *Mascio*, 780 F.3d at 637-38.

6

claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, absent the explanation, remand was necessary. *Id.*

Plaintiff correctly asserts that the ALJ did not follow these procedures. "The ALJ failed to account for a relevant factor when determining [Plaintiff's] [RFC]." *Id.* at 638. The ALJ failed to consider Plaintiff's mental limitations despite finding at step three that Plaintiff had moderate difficulties in maintaining his concentration, persistence, or pace. (Tr. 34-35.) With respect to his RFC analysis of Plaintiff's nonexertional limitations, the ALJ merely states that Plaintiff should be limited to "unskilled" work "with no reading or writing." (Tr. 36.) Consequently, this case is somewhat distinct from *Mascio*, which did not include these additional limitations. The question then becomes whether these distinctions are significant such that these additional limitations warrant a different outcome than *Mascio*.

The additional limitations in Plaintiff's RFC limiting him to work that does not involve reading or writing fails to account for his moderate limitations in concentration, persistence, or pace. Limits pertaining to reading or writing do not account for Plaintiff's inability "to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00(C)(3); *Mascio*, 780 F.3d at 638 ("As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.").

7

Defendant contends that the ALJ did not ignore Plaintiff's moderate limitation in concentration, persistence, or pace. (Docket Entry 15 at 19.) Defendant argues that in the ALJ's RFC analysis he stated that Plaintiff's borderline intelligence "precluded the performance of complex tasks or other higher cognitive functioning." (Tr. 38.) Defendant further asserts that "the ALJ noted that there was no evidence of significant limitations on Plaintiff's [to] ability understand, carry out, and remember simple instructions, make simple work-related decisions, deal with changes in a routine setting, and respond appropriately to supervisors, co-workers, and usual work settings." (Docket Entry 15 at 19) (Citing Tr. 38.) However, the ALJ's analysis is based on limitations with respect to the complexity of the work, and not based on Plaintiff's ability to stay on task. *Mascio*, 780 F.3d at 638; *Straughn v. Colvin*, No. 1:14CV200, 2015 WL 4414275, at *4 n.5 (M.D.N.C. July 20, 2015) (reasoning the ALJ "did not address how the RFC's limitation to 'simple, routine' tasks addressed his finding of 'mild limitations with concentration, persistence or pace.' Thus, it appears that the ALJ's decision may also run afoul of the recent decision in *Mascio*") (citation and quotation omitted); *Salmon v. Colvin*, No. 1:12CV1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) (finding that "the Fourth Circuit made clear that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.") (citations and quotations omitted). Thus, the RFC did not account for Plaintiff's moderate limitations in concentration, persistence, or pace.

Moreover, the ALJ did not explain why he did not account for Plaintiff's limitations in concentration, persistence, or pace in his RFC. "[T]he Fourth Circuit noted the possibility

8

that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error." *Mascio*, 780 F.3d at 638; *Martin v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-335, 2015 WL 7295593, at *3 (D. Md. Nov. 18, 2015); *Powell v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-14-3233, 2015 WL 4715280, at *2 (D. Md. Aug. 6, 2015) ( reasoning that "moderate difficulties in concentration, persistence, or pace now triggers a heightened degree of explanation that requires the reviewing court to determine whether an ALJ has adequately accounted for those difficulties in assessing the claimant's RFC"). "The key is that the reviewing Court must be able to discern the rationale underlying the apparent discrepancy" between the findings at step three and the RFC. *Powell*, 2015 WL 4715280, at *2.

Here, the Court is left to guess why Plaintiff's limitation to unskilled work is sufficient to address his moderate limitations in concentration, persistence, or pace. At step three the ALJ states that he had given some weight to the opinions of State agency psychological consultants Dr. Glover and Dr. Edmunds finding that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 34.) Later in his step three analysis the ALJ states that he "concur[red] with Dr. Edmunds' finding that the claimant has moderate difficulties" in concentration persistence or pace. (Tr. 35.) The ALJ acknowledged Dr. Britt's opinion that Plaintiff's "ability to maintain concentration, persistence, and pace was such that he was very attentive and generally performance would be commensurate with his IQ Level." (*Id.*) Next, as discussed above, the ALJ only limited Plaintiff to "unskilled" work "with no

9

reading or writing required." (Tr. 36.) In his RFC evaluation, the ALJ discusses Plaintiff's testimony that he struggled with moving at a fast pace at work in the past. (TR. 36-37.) Plaintiff also testified that his body would not let him move or think the way other people do. (Tr. 37.) Subsequently, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely credible. . . ." (*Id.*)

Next, the ALJ only gives some weight to the findings of the state agency psychological consultants. (*Id.*) The ALJ states that Dr. Glover found that Plaintiff's functional abilities including "getting along with coworkers or peers without distracting them . . . and carrying out very short and simple instructions, were not significantly limited." (*Id.*) The ALJ also noted that Dr. Edmunds[4] found that Plaintiff had moderate limitations in specific functional abilities such as maintaining attention and concentrating for extended periods of time but "most of his functional abilities such [as] understanding, remembering, and carrying out very short and simple instructions were not significantly limited." (*Id.*) Lastly, the ALJ gives the most weight to the opinion of Dr. Britt. (Tr. 38.) However, the ALJ only discusses Dr. Britt's findings regarding the degree of difficulty of the tasks that Plaintiff is able to do. (*Id.*) The ALJ does not discuss Dr. Britt's findings concerning concentration, persistence, and pace. Moreover, there is no discussion concerning how the RFC addresses Plaintiff's limitation in concentration, persistence, or pace, nor did the ALJ explain how the limitations do not need to be accounted for in the RFC. *Tricia Boyet, v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV762, 2016

---

[4] The ALJ refers to a "Dr. Edwards" at least twice in his decision. The Court assumes that the ALJ is referring to Dr. Gloria J. Edmunds because the ALJ cites Exhibit 18F which is Dr. Edmunds' opinion. (Tr. 280.)

10

WL 614708, at *6 (M.D.N.C. Feb. 16, 2016) (concluding that "without further explanation, the ALJ's crediting of the state agency consultants' opinions does not provide a logical bridge, between the ALJ's conclusion that Plaintiff suffered moderate concentration deficits and the ALJ's decision that Plaintiff could perform simple tasks in the work place, without any further concentration-related restriction") (citations and quotations omitted); *Garcia v. Colvin*, No. 5:14-CV-00842-FL, 2016 WL 319860, at *4 (E.D.N.C. Jan. 4, 2016) *report and recommendation adopted*, No. 5:14-CV-842-FL, 2016 WL 311280 (E.D.N.C. Jan. 25, 2016) (remanding the case because after the ALJ found that the claimant had moderate difficulties in concentration, persistence, or pace he did not account for the limitation in the RFC, he failed to explain how the RFC determination reflected the claimants limitations in concentration, persistence, and pace, or why moderate limitations in concentration, persistence, and pace did not impact the claimants ability to work).

In sum, on remand the Commissioner should conduct a proper analysis of Plaintiff's limitations in concentration, persistence, or pace in light of the principles articulated in *Mascio*. The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised at this time. *Hancock*, 206 F. Supp. 2d at 763-764, n.3 (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

### V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the

11

Commissioner under sentence four of 42 U.S.C. § 405(g).  **IT IS FURTHER RECOMMENDED** that the Commissioner be directed to remand the matter to the ALJ for further proceedings consistent with this order.  Consequently, to this extent, **IT IS FURTHER RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Docket Entry 14) be **DENIED**, and Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 11) be **GRANTED** to the extent remand is requested.  **IT IS FURTHER RECOMMENDED** that, to the extent that Plaintiff seeks an immediate award of benefits, his request be **DENIED**.

This 29th day of February, 2016.

_____
Joe L. Webster
United States Magistrate Judge

12

Case 1:15-cv-00225-LCB-JLW   Document 17   Filed 02/29/16   Page 12 of 12